Case Number: PC-2024-03046
Filed in Providence/Bristol County Superior Court
Submitted: 5/29/2024 11:34 AM
Envelope: 4647563
Reviewer: Carol M.

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC

MARY ESPINOZA                          :
                                       :
        v.                             :        C.A. No. PC-2024-
                                       :
HONEYWELL INTERNATIONAL, INC.          :

## COMPLAINT

### Parties

1.      Plaintiff Mary Espinoza ("Plaintiff" or "Ms. Espinoza") is a resident of Houston, Texas.

2.      Upon information and belief, Defendant Honeywell International, Inc. ("Defendant" or "Honeywell") is a foreign for-profit corporation organized in Delaware which conducts business within the State of Rhode Island, and includes all predecessor and successor entities. By and through its agents, servants, and employees, Defendant has, at all relevant times, operated and maintained a business that designs, manufactures, distributes and/or sells the UOP SeparSIV in a regular and systematic fashion within the State of Rhode Island.

### Jurisdiction & Venue

3.      This Court has jurisdiction over this matter pursuant to Rhode Island General Laws §§ 8-2-14 and 9-5-33.

4.      This incident occurred in Providence, Rhode Island and, therefore, venue is proper in this county pursuant to Rhode Island General Laws § 9-4-3.

### Facts

5.      On December 2, 2021, Plaintiff was employed by Kiewet Power Constructors as a field engineer and was working at its Fields Point LNG Facility, located in Providence, Rhode Island (the "Subject Property").

1

Case Number: PC-2024-03046
Filed in Providence/Bristol County Superior Court
Submitted: 5/29/2024 11:34 AM
Envelope: 4647563
Reviewer: Carol M.

6.     On December 2, 2021, Plaintiff climbed a ladder that was part of Honeywell's UOP SeparSIV (the "Equipment"), which was designed, manufactured, assembled, marketed, distributed and/or sold distributed by Defendant.

7.     The Equipment was in the same or substantially the same condition as when it was delivered to the Subject Property.

8.     The Equipment was in an unreasonably dangerous and defective condition, including but not limited to, the following conditions the ladder lacked full protection skid resistance mechanisms (treads…) and lacked adequate warnings.

9.     On December 2, 2021, Plaintiff was on the ladder in connection with carrying out her job duties.

10.    At all times relevant hereto, Plaintiff was in the exercise of due care while carrying out her job duties.

11.    As a result of the unreasonably dangerous and defective conditions of the ladder, and in turn, the Equipment, Plaintiff's foot slipped off one of the ladder's rungs when she was performing her job duties.

12.    Plaintiff then fell onto a concrete floor and sustained severe bodily injuries, including a broken hip.

13.    Plaintiff sustained injuries that are permanent in nature.

14.    Plaintiff lost time for work and incurred medical costs because of her injuries.

15.    Plaintiff provided notice of her claims to Defendant but never received a response.

## Count I
### (Strict Liability)

16.    Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

2

4875-1479-0567, v. 2

Case Number: PC-2024-03046
Filed in Providence/Bristol County Superior Court
Submitted: 5/29/2024 11:34 AM
Envelope: 4647563
Reviewer: Carol M.

Case 1:24-cv-00259-MSM-AEM    Document 1-1    Filed 06/27/24    Page 3 of 5 PageID #: 10

17. At all relevant times, Defendant was engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling the Equipment.

18. Defendant designed, manufactured, assembled, marketed, distributed and/or sold the relevant the Equipment at the Subject Property.

19. At the time of Plaintiff's fall on December 2, 2021, the Equipment was in the same or substantially similar condition as when it was sold.

20. At the time the Equipment left Honeywell, and at the time of Ms. Espinoza's fall, the Equipment was in an unreasonably dangerous and defective condition.

21. At the time of Ms. Espinoza's fall, the Equipment was being used for the ordinary and foreseeable purposes and in an ordinary, foreseeable and intended manner for such products.

22. As reflected above, the Equipment designed, manufactured, assembled, marketed, distributed and/or sold by Honeywell, and in turn, the ladder, failed to adequately protect Plaintiff, resulting in her fall.

23. As a direct and proximate result of the dangerous and defective condition of the Equipment, Plaintiff suffered serious injuries and damages.

## Count II
### (Negligence)

24. Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

25. At all relevant times, Honeywell was engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling the Equipment for consumer purchase and use.

26. Honeywell designed, manufactured, assembled, marketed, distributed and/or sold the Equipment at the Subject Property.

3

4875-1479-0567, v. 2

Case Number: PC-2024-03046
Filed in Providence/Bristol County Superior Court
Submitted: 5/29/2024 11:34 AM
Envelope: 4647563
Reviewer: Carol M.

Case 1:24-cv-00259-MSM-AEM    Document 1-1    Filed 06/27/24    Page 4 of 5 PageID #: 11

27.     Honeywell owed a duty to consumers, purchasers, and foreseeable users of its products to exercise due care in designing, manufacturing, assembling, marketing, distributing and/or selling the Equipment.

28.     At the time of the Plaintiff's fall on December 2, 2021, the Equipment was in the same or substantially similar condition as when it was sold, and was being used for its ordinary and foreseeable purpose and in an ordinary, foreseeable and intended manner for such products.

29.     Honeywell was negligent and breached the duty of care owed to Plaintiff.

30.     Plaintiff's injury was reasonably foreseeable or should have been reasonably foreseeable by Honeywell.

31.     As a direct and proximate result of the negligence of Honeywell, Plaintiff suffered serious injuries and damages.

## Count III
### (Breach of Warranty)

32.     Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33.     At all relevant times, Honeywell was engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling the Equipment for consumer purchase and use.

34.     Honeywell is a merchant with respect to the Equipment in that it designed, manufactured, assembled, marketed, distributed and/or sold the relevant Equipment at the Subject Property.

35.     At the time of Plaintiff's fall on December 2, 2021, the Equipment was in the same or substantially similar condition as when it was sold, and was being used for the ordinary and foreseeable purpose and in an ordinary, foreseeable, and intended manner for such products.

4

4875-1479-0567, v. 2

Case Number: PC-2024-03046
Filed in Providence/Bristol County Superior Court
Submitted: 5/29/2024 11:34 AM
Envelope: 4647563
Reviewer: Carol M.

Case 1:24-cv-00259-MSM-AEM    Document 1-1    Filed 06/27/24    Page 5 of 5 PageID #: 12

36.     At the time of the Equipment's manufacture and sale, and at the time of Plaintiff's fall, the Equipment was not fit for the ordinary purpose for which it was intended, not fit for the ordinary purpose for which such goods are sold, did not pass without objection in the trade of such products, and therefore was not merchantable nor safe for its intended purposes.

37.     As reflected above, the Equipment designed, manufactured, assembled, marketed, distributed and/or sold by Honeywell, and in turn, the ladder, failed to adequately protect Plaintiff, resulting in her fall.

38.     Plaintiff's fall off the ladder was reasonable foreseeable or should have been reasonably foreseeable by Honeywell.

39.     As a direct and proximate result of Honeywell's breach of warranty, Plaintiff suffered serious injuries and damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, medical expenses, plus interest and costs, and such further relief as this Court shall deem fit.

Respectfully submitted,

MARY ESPINOZA,

By her Attorneys,

PANNONE LOPES DEVEREAUX & O'GARA LLC


*/s/Matthew C. Reeber*
Matthew C. Reeber (#7702)
Kathryn M. Couture (#10559)
1301 Atwood Avenue, Suite 215 N
Johnston, RI 02919
(401) 824-5100 (t)
(401) 824-5123 (f)
mreeber@pldolaw.com
kcouture@pldolaw.com

Dated: May 29, 2024

5

4875-1479-0567, v. 2