UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARY ESPINOZA,<br>    Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL INC., UOP LLC, and GULF COAST ALLOY WELDING, INC.<br>    Defendants. | C.A. No. 1:24-CV-00259-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is defendant Gulf Coast Alloy Welding's ("GCAW") Motion to Dismiss (ECF No. 44) plaintiff Mary Espinoza's First Amended Complaint (ECF No. 18). Because GCAW has also moved to dismiss the Third-Party Complaint of Honeywell International Inc. ("Honeywell") and UOP, LLC. ("UOP") (ECF No. 26) on substantively identical grounds, the Court addresses that Motion (ECF No. 45) here as well. Both of GCAW's Motions are made pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that this Court lacks personal jurisdiction over it. *See* ECF Nos. 44 at 1; 45 at 1. For the following reasons, the Court GRANTS both of GCAW's Motions.

I.     BACKGROUND

The facts of this case are relatively simple. Ms. Espinoza alleges injuries sustained after slipping on a ladder that is a part of an industrial chemical processing

unit designed, manufactured, and sold by UOP, a subsidiary of Honeywell. *See* ECF Nos. 18 ¶ 7–19; 22 ¶¶ 3, 7, 22, 30. Honeywell is incorporated in Delaware and has its principal place of business in North Carolina. (ECF No. 32.) UOP is a Delaware limited liability company and has its principal place of business in Illinois. (ECF No. 26 ¶ 2.) Ms. Espinoza claims she sustained her injuries while working for Kiewit Power Constructors ("Kiewit") in Rhode Island and while she was a Rhode Island resident. (ECF Nos. 18 ¶ 9; 53 at 1.) Ms. Espinoza, currently a resident of New Jersey, sued in this Court based on diversity jurisdiction. (ECF No. 18 ¶¶ 1, 5.)

GCAW is a Texas company that manufactured the ladder, as well other components, used in the unit according to specifications provided to it by UOP. *See* ECF Nos. 26-1; 26-2; ECF No. 46 at 3–8. GCAW does not dispute knowledge, based on UOP's specifications, that the ladder's final destination was Rhode Island. (ECF No. 55 at 2 n.1.) Apart from communications with Kiewit related to the unit, GCAW denies any other contacts with Rhode Island. (ECF Nos. 44-1 at 5–7; 55 at 7.) Neither Ms. Espinoza nor Honeywell or UOP have presented any evidence or made any credible allegations suggesting any other ties between GCAW and Rhode Island.

Ms. Espinoza's Amended Complaint asserts negligence, products liability, and breach of warranty claims against GCAW, Honeywell, and UOP. (ECF No. 18 ¶¶ 20–43.) Honeywell and UOP filed a third-party complaint against GCAW, alleging strict liability, negligence, and contract claims. (ECF No. 26 ¶¶ 16–36.)

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(2), a motion to dismiss for lack of personal jurisdiction imposes the burden on the plaintiff to establish the existence of jurisdiction. *Astro–Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009). A district court may choose from three methods for determining whether a plaintiff has met its burden: prima facie, preponderance of the evidence, or an intermediate standard. *Id.*

Here, the Court applies the prima facie method. Known as the most plaintiff friendly, the prima facie method requires a court to consider only whether the plaintiff has submitted enough evidence to support personal jurisdiction. *See Astro-Med, Inc.*, 591 F.3d at 8. Properly documented evidence is accepted as true regardless of whether the defendant disputes it. *Id.* But the Court does not consider conclusory allegations or farfetched inferences. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). The court can "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted." *Id.*

## III.   DISCUSSION

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014). "To exercise personal jurisdiction over a nonresident defendant, the defendant must 'have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and

3

substantial justice.'" *Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 258 (1st Cir. 2022) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1940)).

When considering personal jurisdiction in a diversity suit, such as here, a federal court acts as "the functional equivalent of a state court sitting in the forum state." *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009). Because Rhode Island's "long-arm statute," R.I.G.L. § 9-5-33, authorizes Rhode Island courts to exercise jurisdiction over non-resident defendants to the fullest extent permitted by the United States Constitution, this Court need only decided whether the assertion of personal jurisdiction accords with due process principles. *See Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 461 (1st Cir. 1990).

The Supreme Court recognizes "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)). The parties agree that Rhode Island courts cannot exercise general jurisdiction over GWAC. (ECF Nos. 46 at 11; 53 at 2.) The analysis then turns to specific jurisdiction.

"For specific personal jurisdiction, the constitutional analysis has three distinct prongs: (1) relatedness; (2) purposeful availment; and (3) reasonableness." *Id.* The plaintiff bears the burden of demonstrating that all three prongs are satisfied. *Id.* (citing *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016)).

4

Because the second prong of that test is dispositive here, the Court begins its analysis there.

The purposeful-availment prong's purpose "is to assure that personal jurisdiction is not premised solely upon a defendant's 'random, isolated, or fortuitous' contacts with the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)). The two "cornerstones" of this prong are "voluntariness and foreseeability." *Rodriguez*, 43 F.4th at 163. "Voluntariness asks whether the defendant's contacts with the forum state are of its own making and 'not based on the unilateral actions of another party or a third person.'" *Id.* (quoting *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 716 (1st Cir. 1996)). "And foreseeability asks whether the defendant's voluntary conduct and connection with the forum state are 'such that [the defendant] should reasonably anticipate being haled into court there.'" *Id.*

This case presents the following question: does the mere knowledge that a piece of equipment is destined for a particular forum constitute purposeful availment of that forum by a manufacturer of a component to that equipment? Had GCAW not known the ultimate destination of its ladder, an assertion of personal jurisdiction over it in Rhode Island would be tenuous. *Rodriguez-Rivera v. Allscripts Healthcare Sols., Inc.*, 43 F.4th 150, 163 (1st Cir. 2022) ("[M]ere placement of a product into the stream of commerce with the awareness that it *could* end up in a forum state, without more, is not enough to show purposeful availment.") (emphasis added).

5

Particularly relevant to this case is Justice Breyer's concurrence in *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011), which the First Circuit has held to be binding as the narrowest opinion from that case. *Knox v. MetalForming, Inc.*, 914 F.3d 685, 691 (1st Cir. 2019) (citing *Plixer Intl., Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 10 (1st Cir. 2018)). Based on that concurrence, the First Circuit has found "'a single isolated sale' into the forum . . . is insufficient to support an assertion of jurisdiction." *Rodriguez*, 43 F.4th at 164 (quoting *Nicastro*, 564 U.S. at 888 (Breyer, J., concurring)). Instead, there must be "something more," such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Knox*, 914 F.3d at 692 (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of California, Solano Cnty.*, 480 U.S. 102, 112 (1987) (opinion of O'Connor, J.)).

Here, none of the examples cited in *Knox* are present. To the extent that GCAW "designed" the ladder at issue, it did so in conformity with specifications provided to it by Honeywell and UOC, and not on its own initiative. And it engaged in no advertising, marketing, or other contacts with anyone in Rhode Island outside of its communications with Kiewit, which took place in connection to the manufacture of the ladder and other related components. This was, in essence, "a single isolated sale." *See Rodriguez*, 43 F.4th at 164. It was, as such, insufficient to constitute the

kind of purposeful availment necessary for this Court to assert personal jurisdiction over GCAW.

In support of this conclusion, the Court looks to *Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9 (1st Cir. 1986). There, a helicopter manufacturer sold two helicopters to a helicopter dealer, who then sold the helicopters to the Puerto Rico Police Department. *Id.* at 11–12. The extent of the manufacturer's direct contacts with Puerto Rico were insufficient to alone support an assertion of personal jurisdiction over it there in a suit related to those helicopters, but the manufacturer was aware at the time it sold the helicopters to the dealer that the helicopters were bound for Puerto Rico. *Id.* at 14–15. The Court determined, however, that "whether [the manufacturer] knew that the helicopters were being sold to the Puerto Rico Police department has [no] jurisdictional significance." *Id.* at 15. Indeed, "[t]he test is not knowledge of the ultimate destination of the product, but whether the manufacturer has purposefully engaged in forum activities so it can reasonably expect to be haled into court there." *Id.* Thus, the single sale at issue "was not a stream [of commerce] or the beginning of one; it was an isolated splash." *Id.*[1]

Based on *Knox* and *Hughes*, the Court finds that it does not have personal jurisdiction over GCAW.[2] This leaves the question as to what to do with the present

---

[1] While *Hughes* was decided before the Supreme Court more directly addressed "stream of commerce" theories in *Asahi*, the First Circuit "[is] not persuaded that the opinions in *Asahi* have undermined *Hughes*." *Boit v. Gar-Tec Products, Inc.*, 967 F.2d 671, 683 (1st Cir. 1992).

[2] Ms. Espinoza, Honeywell, and UOC request in their Responses to GCAW's Motion to Dismiss that the Court should, as an alternative to dismissal, permit limited

7

case. Honeywell and UOC argue that, if personal jurisdiction is lacking over GCAW, the Court should transfer the case to the Southern District of Texas, under 28 U.S.C. § 1631. (ECF No. 46 at 18–19.) Ms. Espinoza, by contrast, argues that transfer of her case against Honeywell and UOP to Texas is inappropriate because this Court retains personal jurisdiction over Honeywell and UOP and because her claims may be barred in Texas by the applicable statute of limitations. (ECF No. 53 at 8.) Ms. Espinoza presents no alternative venue for her claims against GCAW. *Id.* at 7.

Under 28 U.S.C. § 1631, when a federal court "finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time when it was filed or noticed." "Congress's use of the phrase 'shall . . . transfer' in section 1631 persuasively indicates that transfer, rather than dismissal, is the option of choice." *Britell v. United States*, 318 F.3d 70, 73 (1st Cir. 2003). Thus, the First Circuit applies a presumption in favor of transfer rather than dismissal when personal jurisdiction is lacking. *Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 114–17 (1st Cir. 2016), *abrogated on other grounds by*, *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82 (2017).

---

jurisdictional discovery. (ECF Nos. 46 at 19–20; 53 at 6–7.) Laying aside GCAW's procedural objections to those requests, *see* ECF Nos. 49 at 14–15; 55 at 6–7), the Court is satisfied that there is no "non-frivolous dispute about facts that may yield a sufficient predicate for in personam jurisdiction" such that jurisdictional discovery is merited. *See Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 128 (1st Cir. 2022).

8

Honeywell and UOC argue that transfer would be in the interests of justice in this case. (ECF No. 46 at 18.) The Court disagrees. Were it to transfer this case to Texas, it would only do so with respect to Honeywell and UOC's third-party complaint against GCAW, as the Court retains jurisdiction over Ms. Espinoza's claims against Honeywell and UOC and it would clearly not be in the interests of justice to force her to litigate those claims in Texas. *Cf. Curtis v. Galakatos*, 19 F.4th 41, 46–47 (1st Cir. 2021) (noting that a plaintiff "ordinarily holds a 'heavy presumption weigh[ing] in favor of [her] initial forum choice.'" (quoting *Adelson v. Hananel*, 510 F.3d 43, 53 (1st Cir. 2007)); *Britell*, 318 F.3d at 74 ("Given the language of the statute, we are confident that Congress wanted courts to exempt from the transfer mandate those cases in which transfer would [*inter alia*] impose an unwarranted hardship on an objector.").

And were the Court to transfer Honeywell and UOC's third-party complaint to Texas, that case would not be resolvable until Ms. Espinoza's case against Honeywell and UOC is concluded because Honeywell and UOC's claims against GCAW necessarily depend on the outcome of Ms. Espinoza's case against Honeywell and UOC. *See* ECF No. 26 ¶ 16–36. As dismissal of Honeywell and UOC's claims for lack of personal jurisdiction would be without prejudice, the Court finds that the circumstances of this case, including the need to not "unduly burden the judicial system" with claims that might not be ripe for resolution, suggest that it would not be in the interests of justice to transfer, rather than dismiss, Honeywell and UOC's

9

claims. *See id.* So the Court finds that dismissal of all claims against GCAW without prejudice is appropriate.

## IV. CONCLUSION

For these reasons, the Court GRANTS GCAW's Motion to Dismiss (ECF No. 44) Ms. Espinoza's Amended Complaint for lack of personal jurisdiction. This dismissal is only of Ms. Espinoza's claims against GCAW, and not her remaining claims against Honeywell and UOP. The Court also grants GCAW's Motion to Dismiss (ECF No. 45) the Third-Party Complaints of Honeywell and UOP for lack of personal jurisdiction. Both dismissals are without prejudice.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

November 3, 2025